**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ANTHONY R. GRAYSON,

        Defendant-Appellant.

No. 98-3159
(D.C. No. 97-CV-3152)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Anthony R. Grayson appeals from the district court's partial denial of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner is currently serving a term of incarceration following conviction on one count of possession of crack cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Because petitioner's § 2255 motion was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the certificate of appealability provision created by that act is applicable to his case. *See* 28 U.S.C. § 2253(c)(1)(B). The district court denied petitioner a certificate of appealability. We have construed petitioner's notice of appeal as a renewed request for a certificate of appealability. *See* Fed. R. App. P. 22(b)(2). Petitioner must demonstrate "a substantial showing of the denial of a constitutional right" before this court considers his appeal. *See* 28 U.S.C. § 2253(c)(2).

In his § 2255 motion, petitioner argued to the district court that his trial counsel was ineffective because he 1) failed to file a direct appeal on petitioner's behalf, 2) failed to investigate and present the testimony of two witnesses, 3) failed to file a suppression motion as to introduction of the cocaine or file a motion in limine as to the use at trial of a letter found on petitioner's person at the time of his arrest, 4) failed to object at sentencing to the computation of his

criminal history, and 5) failed to object to the type of cocaine used as a basis to compute his sentence. Petitioner also argued ineffective assistance of counsel as a result of the cumulative effect of these alleged errors.

The district court held a hearing on petitioner's § 2255 motion, at which petitioner's trial counsel and the two witnesses in question testified. At that time, petitioner abandoned his arguments regarding counsel's failure to file a suppression motion as to introduction of the cocaine and to object to the type of cocaine on which his sentence was based. The court granted petitioner relief on his claim that counsel had failed to perfect a timely direct appeal on his behalf. The court ruled that it would resentence petitioner, at which proceeding petitioner could challenge the computation of his criminal history. Upon resentencing, petitioner would be able to take a timely direct appeal. *See* Rec. Vol. I, tab 58 (District Court's Memorandum and Order), at 5. The court also ruled that petitioner's arguments about introduction of the letter at trial could be heard on direct appeal. *See id.* at 13.

The district court concluded that counsel's failure to interview the two witnesses was a reasonable decision in light of uncontroverted testimony that petitioner had told counsel the witnesses could add nothing to his defense. Therefore, the court ruled that the decision not to interview was trial strategy and did not constitute ineffective assistance. *See id.* at 9. Additionally, based on the

witnesses' testimony at the § 2255 motion hearing, the court held that no prejudice resulted from counsel's decision not to interview the witnesses. *See id.* at 10-11.

On appeal, petitioner reargues three of the points of alleged ineffective assistance of counsel raised to the district court. Petitioner contends that his trial counsel was ineffective for failing to perfect a timely direct appeal. This issue is moot because petitioner was granted relief by the district court. Petitioner was resentenced and the record reflects that he perfected a timely direct appeal from that proceeding. Petitioner also argues that trial counsel was ineffective for failing to file a motion in limine or otherwise restrict testimony at trial regarding the letter. However, petitioner fails to acknowledge that the district court declined to rule on this issue. We agree with the district court that the issue can be raised in petitioner's direct appeal, and therefore decline to address it here. *See Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1228 (10th Cir. 1996) (noting that appellate court will not generally consider issues not passed upon by the district court).

Finally, petitioner contends that his counsel was ineffective because he failed to interview or present the testimony of two witnesses. After review of the record on appeal and applicable law, we conclude that petitioner has not demonstrated his eligibility for a certificate of appealability on this issue.

Therefore, for substantially the same reasons contained in the       district court's Memorandum and Order dated April 7, 1998, petitioner's motion for a certificate of appealability is DENIED and this appeal is DISMISSED.


Entered for the Court


Wade Brorby
Circuit Judge